IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ANETRIA M. WALTHOUR, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-89 |
| v. | |
| JEFFREY M. GRIFFIN; and OPS PIZZA KITCHEN & CAFÉ, INC., | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Strike, or, in the Alternative, Dismiss Plaintiff's Second Amended Complaint and Plaintiff's Motion for Leave to Amend. Docs. 34, 44. For the reasons explained below, I **GRANT** Plaintiff's Motion for Leave to Amend. Doc. 44. Because I have granted Plaintiff's Motion for Leave to Amend, I **RECOMMEND** the Court **DENY as moot** Defendants' Motion to Strike, or, in the Alternative, Dismiss Plaintiff's Second Amended Complaint. Doc. 34.

**I.    Background**

This case arises from a vehicle collision involving Plaintiff and Defendant Griffin, occurring on April 16, 2019. Id. In Defendant Griffin's deposition, taken on January 12, 2021, he stated he was driving for Ops Pizza at the time of accident. Id. at 2. Based on this deposition testimony, Plaintiff initially requested leave to amend to file her First Amended Complaint to add Ops Pizza Kitchen & Café as a Defendant ("Defendant Ops Pizza I"), which the Court granted. Docs. 22, 24. Plaintiff's First Amended Complaint added Defendant Ops Pizza I, and

Plaintiff served the entity based on the Georgia Secretary of State's business records.  Doc. 24; Doc. 43 at 2.

After serving Defendant Ops Pizza I, Plaintiff learned (from Defendant Ops Pizza I) there was another entity doing business as "Ops Pizza Kitchen & Café" and Plaintiff had potentially named and served the wrong Defendant.  Id.  Defendant Griffin had been employed by "Tekin Enterprises, LLC," ("Tekin"), which was registered with the Georgia Secretary of State under that name but was doing business as "Ops Pizza Kitchen & Café."  Id.  That is, Plaintiff learned Defendant Ops Pizza I and Tekin were separate entities, despite doing business under the same name, and she had failed to name Tekin as a Defendant or serve that entity.  Upon learning this, Plaintiff filed a Seconded Amended Complaint naming "Defendant Tekin d/b/a Ops Pizza Kitchen & Café" but did not seek leave of court to do so.  Id.

In response to Plaintiff's Second Amended Complaint, Defendants Griffin and Ops Pizza I move to strike Plaintiff's Second Amended Complaint, filed on August 24, 2021, because it was not timely filed, Plaintiff did not seek leave of Court to file it, and Plaintiff failed to comply with the Court's Orders.  Doc. 35 at 3–5.  Alternatively, Defendants argue Plaintiff's Second Amended Complaint should be dismissed for failure to state a claim against Defendant Ops Pizza I.[1]  Id. at 5–7.

Plaintiff filed a Response opposing Defendants' Motion to Strike.  Doc. 43. Additionally, Plaintiff filed a Motion seeking leave to amend to add Tekin Enterprises d/b/a Ops Pizza Kitchen & Café as a Defendant.  Doc. 44.

---

[1]  Defendants do not argue the Second Amended Complaint fails to state a claim against Defendant Griffin.

## II.  Plaintiff's Motion to Amend

Plaintiff now seeks leave to amend under Federal Rule of Civil Procedure 15 to file a Third Amended Complaint, as the time to amend as a matter of right has passed.  Id.  Plaintiff seeks to add Tekin Enterprises d/b/a Ops Pizza Kitchen & Café as a Defendant.  Defendants did not file a Response to Plaintiff's Motion, and the time to do so has expired.

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Unless a substantial reason exists to deny the motion, such as undue prejudice or delay, movant's bad faith or dilatory motive, repeated failure to cure deficiencies, or futility, the interests of justice require that leave to amend be granted.  Foman v. Davis, 371 U.S. 178, 182 (1962).  At present, no substantial reason exists to deny Plaintiff's Motion.  Plaintiff only learned through discovery she had served the wrong Ops Pizza Kitchen and erroneously relied on the Georgia Secretary of State's website when trying to identify the correct entity Defendant.  Moreover, Plaintiff's Motion is unopposed.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Amend.  Doc. 44.  The Court **ORDERS** Plaintiff to file her Third Amended Complaint, asserting claims against Tekin Enterprises d/b/a Ops Pizza Kitchen & Café and adding it as a party, within **seven days** of this Order.  Plaintiff may not add any additional claims or Defendants without an additional grant of leave to amend.  Additionally, as Plaintiff's Second Amended Complaint will no longer be the operative Complaint and does not appear to name Ops Pizza I as a Defendant, I **RECOMMEND** the Court **DENY as moot** Defendants' Motion to Strike, or, in the Alternative, Motion to Dismiss.

**CONCLUSION**

For the reasons stated above, I **GRANT** Plaintiff's Motion for Leave to Amend.  Doc. 44. Plaintiff is ordered to file her Third Amended Complaint within **seven days** of this Order. Because I have granted Plaintiff's Motion for Leave to Amend, I **RECOMMEND** the Court **DENY as moot** Defendants' Motion to Strike, or, in the Alternative, Dismiss Plaintiff's Second Amended Complaint.  Doc. 34.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO ORDERED**, this 7th day of October, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA